

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2005

# Mitchell v. Romine

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4224

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mitchell v. Romine" (2005). *2005 Decisions.* Paper 396.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/396

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4224
_____

WALLACE MITCHELL,

Appellant

v.

DONALD ROMINE

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-01788)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
October 14, 2005

Before:  SLOVITER, BARRY AND FISHER, Circuit Judges.

(Filed: October 17, 2005)
_____

OPINION
_____

PER CURIAM

Wallace Mitchell, a District of Columbia offender in federal custody,[1] appeals the

denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Finding no

error, we will affirm.

_____

[1] Mitchell is serving thirty-five years to life imprisonment for murder.

I.

Mitchell filed a pro se amended § 2241 petition challenging approximately twenty-two disciplinary reports issued against him while he was incarcerated at USP-Lewisburg in Pennsylvania as well as the accuracy of the information about his disciplinary history contained in his "Security/Designation Sheet." Mitchell sought to have the reports expunged from his record, and to have his good-time credits restored.

The Magistrate Judge found that Mitchell did not exhaust administrative remedies as to sixteen of the disciplinary reports. Concerning the six claims Mitchell properly exhausted, the Magistrate Judge found that the disciplinary hearings comported with the due process standard set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). Accordingly, the Magistrate Judge recommended dismissing the unexhausted claims, and denying on the merits the exhausted claims. The District Court adopted the Report and Recommendation, finding claims one, two, five, six, seven, eight, nine, ten, twelve, fifteen, seventeen, eighteen, nineteen, twenty, twenty-one, and twenty-two were unexhausted and also inexcusably defaulted. The court rejected on the merits the remaining exhausted claims. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's denial of habeas corpus relief and its interpretation of the applicable statutes. Gerbier v. Holmes, 280 F.3d 297, 302 (3d Cir. 2002).

As to claims five through ten and twelve, Mitchell contends that the District Court erred in finding that he did not properly exhaust administrative remedies by filing his

2

appeal directly with the Regional Director.  See Br. at 8, 18.  Mitchell fails to recognize, however, that these disciplinary decisions were issued by the Unit Disciplinary Committee ("UDC"), not the Disciplinary Hearing Officer ("DHO"), and thus he was not permitted to appeal directly to the Regional Director.  See 28 C.F.R. §§ 541.15, 541.19, 542.14(d)(2).  Therefore, the District Court properly held that Mitchell failed to meet the exhaustion requirements as to these claims.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760-62 (3d Cir. 1996).

Mitchell next contends that the District Court erred in finding that the administrative appeal for claim fifteen was untimely filed.  See Br. at 28.  An inmate may appeal a Warden's response to the Regional Director "within 20 calendar days of the date the Warden signed the response."  28 C.F.R. § 542.15(a) (emphasis added).  The record reflects that Mitchell filed his appeal more than thirty days after the date of the response.  Furthermore, Mitchell has not demonstrated a valid reason or "cause" to excuse the untimely filing.  See id.  Therefore, we agree with the District Court that the administrative appeals were untimely, and thus correctly dismissed.  See Moscato, 98 F.3d at 760-62.[2]

Mitchell also contends that as to the six exhausted claims, he was denied procedural due process because:  (1) he was not given an adequate opportunity to present witnesses at his disciplinary hearings; (2) the DHO was not impartial; (3) the DHO's

---

[2]Inasmuch as the District Court properly concluded that Mitchell's unexhausted claims are also procedurally defaulted, the proper course was a dismissal of the claims on the merits rather than dismissal without prejudice.  See Moscato, 98 F.3d at 762.

3

decision did not meet the criteria for presentation of "some" evidence; and (4) the staff member assigned to assist Mitchell in preparing for the disciplinary hearings was not Mitchell's choice and did not adequately represent Mitchell. See Br. at 21-28, 29. We reject these contentions. The record reflects that Mitchell received: (1) written notice well in advance of the hearings; (2) a full and fair opportunity to present witnesses and documentary evidence; (3) assistance from a staff member in presenting his defense, preparing a statement, and appearing on Mitchell's behalf; (4) a sufficiently impartial tribunal; and (5) a written statement by the DHO or UDC as to the evidence relied on and the reasons for the decisions. See Wolff, 418 U.S. at 563-572. Moreover, Mitchell's argument that he is entitled to select the staff member to represent him in a disciplinary hearing lacks merit. See 28 C.F.R. § 541.17(b); Wolff, 418 U.S. at 570. Finally, for each incident, there was sufficient evidence presented to support the UDC or the DHO's conclusions, including, inter alia, Mitchell's admissions, eyewitness accounts, and documentary evidence. See Wolff, 418 U.S. at 564-65; Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). Therefore, the District Court properly rejected these due process claims on the merits.

Finally, we reject Mitchell's contention that as an inmate convicted in the District of Columbia, the Bureau of Prisons had no authority to take away his good-time credits. See Field v. Keohane, 954 F.2d 945, 949-51 (3d Cir. 1992).

4

III.

We have fully considered the remaining arguments raised by Mitchell on appeal, and find that these arguments lack merit and warrant no further discussion. For the foregoing reasons, we will affirm the District Court's judgment.