ALD-053                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3925
_____

WALLACE DEEN-MITCHELL,
                                          Appellant

v.

BRYAN A. BLEDSOE, Warden

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-10-cv-02238)
District Judge: Honorable Christopher C. Conner
_____

Submitted on Appellant's Request for a Certificate of Appealability
Under 28 U.S.C. § 2253(c)(1)
November 21, 2013

Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 5, 2013)

_____

O P I N I O N
_____

PER CURIAM

Wallace Deen-Mitchell appeals from the District Court's denial of his habeas petition. We hold that Deen-Mitchell must obtain a certificate of appealability ("COA") to proceed with this appeal, and we will deny his request for a COA.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In 1991, a jury found Deen-Mitchell guilty of murder and other crimes in the District of Columbia. Mitchell v. United States, 629 A.2d 10, 11 (D.C. 1993). He was sentenced to a term of life imprisonment and has since been confined to federal custody.

Between December 2009 and October 2010, Deen-Mitchell was found guilty by Discipline Hearing Officers ("DHOs") of numerous disciplinary violations including fighting, failing to obey an order, making sexual proposals, and threatening bodily harm. His punishments for these offenses ranged from disciplinary segregation and the loss of visiting privileges to the loss of good conduct time credit. In October 2010, while he was incarcerated in a federal penitentiary in Lewisburg, Pennsylvania, Deen-Mitchell filed a habeas petition raising a welter of claims involving these proceedings, along with various other grievances.

The District Court determined that many of his claims arose from proceedings that did not result in the loss of good conduct time credit or had previously been expunged from his record, while others were not based on disciplinary proceedings at all; it held that these claims were not cognizable in habeas. As to his remaining claims, the District

2

Court determined that Deen-Mitchell had been afforded due process and that his claims were therefore without merit. Accordingly, the District Court dismissed Deen-Mitchell's petition, and he now appeals.

Because this appeal concerns the denial of a petition for habeas corpus, we must, as a "jurisdictional prerequisite" examine the need for a COA.[1] Miller–El v. Cockrell, 537 U.S. 322, 336 (2003). Although he is incarcerated in a federal facility and challenges the outcomes of prison disciplinary proceedings, Deen-Mitchell was convicted in a District of Columbia Court and thus requires a COA to appeal the denial of his habeas petition. See Wilson v. U.S. Parole Comm'n, 652 F.3d 348, 351-53 (3d Cir. 2011). Deen-Mitchell is entitled to a COA only if he makes a "a substantial showing of the denial of a constitutional right," meaning that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." Miller–El, 537 U.S. at 336 (internal quotation marks omitted). In a case which turns on a procedural issue, a COA may issue only if the petitioner shows that jurists of reason would debate both "whether the district court was correct in its procedural ruling" and "whether the petition states a valid claim of the denial of a constitutional right." Pabon v. Mahanoy, 654 F.3d 385, 392 (3d Cir. 2011) (quoting Slack v. McDaniel, 529 U.S. 473, 478 (2000)).

---

[1] The parties both argue that we have jurisdiction over this matter. The Government contends that we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. However, we have an independent obligation to examine whether we have appellate jurisdiction. Gov't of V.I. v. Hodge, 359 F.3d 312, 317 (3d Cir. 2004). Neither party addressed the need for a COA in his brief. For his part, Deen-Mitchell has filed what he styled as a motion for clarification of the COA issue. To the extent that motion requests that his merits brief be considered as an request for a COA, the motion is granted.

Four of Deen-Mitchell's claims, arising from incident Nos. 1958365, 2000446, 2078323, and 208327, challenged proceedings which resulted in punishments such as disciplinary segregation, loss of visiting privileges, or loss of commissary privileges.[2] Three of Deen-Mitchell's claims, arising from incident Nos. 2057680, 2062053, and 2074399, challenged proceedings which had previously been expunged from Deen-Mitchell's record. An additional four claims alleged interference with Deen-Mitchell's mail, two physical assaults, and one sexual assault. The District Court held that these claims were beyond its habeas jurisdiction, and we agree.

Federal habeas relief is not available for actions for which "a finding in [the petitioner]'s favor would not alter his sentence or undo his conviction." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Because none of the claims described above implicated the fact or duration of Deen-Mitchell's sentence, the District Court correctly held that they would be more properly classified as conditions of confinement claims and were not properly brought in a habeas petition. Jurists of reason would not debate their dismissal. See Pabon, 654 F.3d at 392.

The District Court determined that Deen-Mitchell's remaining claims—regarding disciplinary proceedings stemming from incident Nos. 2035459, 2035460, 2037461,

---

[2] Deen-Mitchell argues that these proceedings all resulted in the loss of good conduct time credits, but that contention is belied by the record; each of the DHO Reports relating to these incidents reflects the punishments imposed, and none involved the loss of good conduct time credits.

2038033, and 2039929—involved the loss of good conduct time credit, and addressed them on their merits.[3]

Prisoners have a liberty interest in statutory good time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see also 18 U.S.C. § 3624(b)(1). Thus, when a disciplinary hearing may result in the loss of credits, an inmate has a right to appear before an impartial decision-maker and must receive: (1) written notice of the charges at least 24 hours prior to the hearing; (2) an opportunity to call witnesses and present evidence; (3) an opportunity to receive assistance from an inmate representative; and (4) a written statement of the evidence relied upon and reasons for the disciplinary action. Wolff, 418 U.S. at 563–71. Revocation of good time must also be supported by some evidence. Superintendent v. Hill, 472 U.S. 445, 454 (1985). This requirement is minimal, and is satisfied if there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455–56.

We agree with the District Court that Deen-Mitchell was afforded due process during the challenged disciplinary hearings as required by Wolff and Hill. Despite his claims to the contrary, the DHO Reports for each of these incidents reflect that Deen-Mitchell had over a month's notice in each case and that at each hearing he was afforded

---

[3] The District Court admonished Deen-Mitchell for failing to exhaust his administrative remedies until after he filed these claims, but opted to resolve his claims on their merits rather than dismiss them for failure to exhaust. Because we agree with the District Court that these claims were meritless and did not state "a valid claim of the denial of a constitutional right," any error in doing so was harmless and does not justify the issuance of a COA. See Pabon, 654 F.3d at 392.

an opportunity to present evidence on his behalf,[4] received assistance from an inmate representative,[5] and was given a copy of the written decision afterwards. Finally, although Deen-Mitchell claims that one of the DHOs hated him because had an affair with that DHO's wife, he offered no evidence whatsoever other than his own unsupported allegations. We likewise agree with the District Court's determination that the revocation of good conduct time credits was supported by sufficient evidence in each instance. Accordingly, these claims are meritless and do not warrant the issuance of a COA. Miller-El, 537 U.S. at 336.

For these reasons, we will deny Deen-Mitchell's request for a COA.

---

[4] At the disciplinary hearing for incident No. 2038033, Deen-Mitchell's request to present the testimony of his alleged victim was denied; however, his request to present a video recording of his infraction was permitted. All of Deen-Mitchell's other requests to present witnesses were granted.

[5] Deen-Mitchell argues that he was entitled to select the staff member to represent him in a disciplinary hearing. Deen-Mitchell has previously raised a similar argument in earlier litigation, see Mitchell v. Romine, 158 F. App'x 367, 369 (3d Cir. 2005), and it remains meritless. See 28 C.F.R. § 541.8(d); Wolff, 418 U.S. at 570.